## Henry Schlange v. Thomas F. Lennox.

1. CONTRACT—*Of Sale—What is Such a Withdrawal Under, as to Entitle an Agent to Commissions.*—A party contracted to pay an agent as compensation for the sale of certain property all above a fixed amount, but if the property was withdrawn before sale, five per cent was to be paid the agent, to be computed on price set on property at time of withdrawal; *it was held* by a sale of the property the contractor withdrew it from his agent and the latter was entitled to recover the five per cent commission.

Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

JOHN G. FRIEDMEYER, attorney for appellant.

PERRY & MORGAN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

The parties entered into a written contract by which appellee was to sell for appellant the printing establishment of the latter, within ninety days, for $2,400, and for his compensation for making such sale appellee was to have all over $2,400 for which he might sell the property; but if the property was withdrawn before sale made, five per cent was to be paid appellee, to be computed on the price set on the property at the time of withdrawal. Before the expiration of ninety days appellant himself sold the property for $2,500 and this suit was brought to recover for the commission of five per cent, and on appeal to the County Court from the justice of the peace, a trial by jury ended in a recovery for $125, and to reverse the judgment this appeal is brought and various alleged errors insisted upon for such purpose.

We find no material or prejudicial errors in the instructions of the court to the jury, of which complaint is made; we find no errors in the admission or the rejection of evidence. We think the contract was fairly entered into, is supported by a sufficient consideration, and is valid in all its terms.

By the sale of the property appellant withdrew it from the hands of appellee, whereby the latter was entitled to recover the five per cent commission, in accordance with the stipulation contained in the contract.   There is no force in the point that because appellee had not taken out a broker's license, as required by the ordinance of the city of Springfield, where the transactions were had, he could not recover, because such ordinance is confined and limited to real estate brokers, while the property sold is but personal property, and the instructions on this point were correct.

Finding no error in the record and proceedings of the County Court its judgment will be affirmed.